UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CR-101-TAV-CCS-13 |
| | ) | |
| JIMMY JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This criminal case is before the Court on the defendant's Motion to Continuance [sic] Sentencing Hearing [Doc. 444]. The defendant moves the Court to reset the sentencing hearing in this matter currently set for February 27, 2014. In support, the defendant submits that the United States Sentencing Commission has recently announced that it intends to reduce offense levels by two, which counsel for the defendant believes will occur in November 2014. Moreover, the defendant adds, the United States Senate recently passed the Smarter Sentencing Act through committee, and this act appears to have sufficient support to become law.

Based on the terms of his plea agreement, however, the defendant has waived his right to appeal his sentence, and thus he requests that the Court continue his sentencing hearing so that he may receive a fair sentence under the circumstances. The defendant contends that granting his motion until the legislative and administrative situation is settled will not prejudice the government and may prevent an injustice to the defendant.

The decision as to a continuance "'is traditionally within the discretion of the trial judge.'" *United States v. McMahon*, 422 F. App'x 523, 525 (6th Cir. 2011) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)). "The outer limit of a district court's discretion is set by the constitutional requirements of due process . . . ." *Id.* In *McNair*, the defendant "requested the court to continue the sentencing hearing indefinitely, based on then-pending legislation regarding offenses involving crack cocaine." *United States v. McNair*, 471 F. App'x 453, 457 (6th Cir. 2012). The district court denied the motion because (1) Congress had yet to change the law and (2) the court possessed discretion to vary based on a policy disagreement with the guidelines or in order to impose a fair and reasonable sentence in accordance with 18 U.S.C. § 3553(a). *Id.* On appeal, the Sixth Circuit found that "[t]his was not an abuse of discretion because the district court was not required to forecast potential future legislation when deciding the motion" and possessed the power to remedy any inequities within the guidelines. *Id.*

Similarly, the Sixth Circuit has noted that "judicial economy would be at great risk should the court postpone proceedings every time a bill relating to the subject matter before the court was pending." *McMahon*, 422 F. App'x at 525 (citing with approval *United States v. Bonner*, No. 09-2352, 2010 WL 226351, at *3 (3d Cir. Jan. 21, 2010), in which "the Third Circuit . . . rejected the notion that a court should pace sentencing proceedings in order to allow for the political branches to act").

Here, the Court likewise finds that, given the uncertainty as to when new legislation or sentencing guideline provisions would take effect, if at all, as well as the

2

Court's power to depart or vary from the guidelines in order to impose a fair and reasonable sentence under the facts and circumstances of the case, good cause does not exist to continue this hearing. Accordingly, the defendant's motion [Doc. 444] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE